R. McCORMICK v. MISSOURI, KANSAS & TEXAS RAILWAY
COMPANY OF TEXAS.

Decided February 23, 1901.

**1.—Damages for Personal Injuries—Amount—Fact Case.**

See the opinion for evidence under which the appellate court declined to disturb a verdict for $500 in favor of a railroad fireman for personal injuries, complained of on the ground that the amount was too small.

**2.—New Trial—Rule Applicable to Amount of Damages.**

Where there is not a legal measure of damages, or they are unliquidated, and the amount thereof is referred to the discretion of the jury, the court will not, although it may think the verdict to be for considerably more or less than it ought to have been, interfere with it, unless the amount allowed is so great or small as to indicate. that the jury must have found it while under the influence of passion, prejudice, or gross mistake.

Appeal from Tarrant. Tried below before Hon. Irby Dunklin.

*Carden & Carden* and *Wynne, McCart & Bowlin,* for appellant.

*Stanley, Spoonts & Thompson* and *T. S. Miller,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant brought this suit in the District Court of Tarrant County against appellee on the 14th day of November, 1899, for damages for personal injuries alleged to have been received by appellant through negligence of appellee, by the explosion of certain parts of an engine or locomotive, upon which appellant was engaged as fireman for appellee, on the 29th day of May, 1899.

The case was tried in the court below before a jury on the 17th day of April, 1900, and resulted in a verdict and judgment for appellant for $500, and appellant brings the case to this court by writ of error.

Substantially but one question is presented on this appeal, and that is, whether the evidence sustains the verdict and judgment below. Appellant asserts that the undisputed evidence shows that he was seriously injured; that he had been incapacitated for labor for more than ten months preceding the trial; that he was earning at the time of his injury $75 per month; that he had suffered great pain; had incurred liabilities for doctor's bills, and that "there was not a scintilla of evidence" to the contrary. It is therefore insisted that the damages awarded appellant are grossly inadequate.

The statute provides that "new trials may be granted as well when the damages are manifestly too small as when they are too large." Rev. Stats., art. 1452. And this has been held to apply as well to actions ex delicto as to actions ex contractu. Allison v. Railway, 29 S. W. Rep., 425. So that, as before stated, the question is simply whether the state of the evidence is such as to require us to set aside the verdict of the jury and the judgment of the trial court.

We have very carefully considered the evidence and find ourselves unable to say that the damages awarded appellant are "manifestly too small," or that there is no evidence tending to contradict the evidence offered in behalf of appellant as to the extent of his injuries. The evidence was sharply conflicting upon, if it did not preponderate in favor of, the defense that appellant's injuries resulted from a cause other than that alleged in his petition. There was evidence also to the effect that immediately after the explosion appellant was walking around and about the engine; assisted in extinguishing the fire therein; that he made no complaint of any injury at the time; that he was not scalded or visibly bruised; and that he was able to visit the office of his physicians for treatment after the first or second time of treatment. The testimony of the physicians first called upon to treat him was not produced; the physicians testifying seemed to differ in conclusion in their diagnosis and prognosis as to appellant's condition. While a great number of nonexpert witnesses testified to the effect that appellant was severely injured, it was developed that such conclusion was based largely, if not entirely, upon evidences of injury and pain easily simulated. The reasonable value of the physicians' services was not shown. So that while other circumstances might be adverted to, we think it sufficient to say that in our opinion the evidence was not so conclusively against the verdict as to indicate that the jury were actuated by improper influences. The rule upon the subject approved by this court is thus stated in the case cited supra: "Where there is not a legal measure of damages, and where they are unliquidated, and the amount thereof is referred to the discretion of the jury, the court will not ordinarily interfere with the verdict. It is the peculiar province of the jury to decide such cases under appropriate instructions from the court, and the law does not recognize in the latter the power to substitute its own judgment for that of the jury. Although the verdict may be considerably more or less than, in the judgment of the court, it ought to have been, still it will decline to interfere unless the amount is so great or small as to indicate that the jury must have found it while under the influence of passion, prejudice, or gross mistake, or, in other words, that it is the result of accident or perverted judgment, and not of cool and impartial deliberation. When the verdict is thus excessive or deficient, the trial court, in its discretion, will interpose and set it aside."

The cause seems to have been fairly submitted, the verdict of the jury to have been duly approved by the trial court, and we find no sufficient ground upon which to disturb the result. The judgment below is accordingly affirmed.

*Affirmed.*

Writ of error refused.